# IN THE CIRCUIT COURT FOR FREDERICK COUNTY, MARYLAND

**KENNETH KINNAMAN,**
810 Chadwick Cir.
Frederick MD 21701
individually, and on behalf of all
others similarly situated,

           Plaintiffs,

v.                      Case No.:

**PORTFOLIO RECOVERY
ASSOCIATES, LLC**

SERVE: National Registered
         Agents, Inc. of Maryland
         Second Floor
         836 Park Avenue
         Baltimore, MD 21201

           Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case: 10-C-12-000521
CF-Civil Filn
           $80.00
MLSC
           $45.00
TOTAL   $125.00

Receipt #201200001043
Cashier: RCR CCFRCR2
02/21/12 12:06pm

Case: 10-C-12-000521
CF-App Fee
           $10.00
MLSC
           $10.00
TOTAL   $20.00

Receipt #201200001045
Cashier: RCR CCFRCR2
02/21/12 12:14pm

## COMPLAINT

COMES NOW Plaintiff, individually, and on behalf of all others similarly situated, by and through their undersigned counsel, on information and belief, and for their Complaint against Defendant, Portfolio Recovery Associates, LLC., state as follows:

1. Defendant has unlawfully intercepted, disclosed or used wire communications by monitoring and recording phone conversations without the consent or the Plaintiff and class members. This practice violates Maryland law.

FILED 2012 FEB 21 PM 2: 02
SANDRA K. DALTON
CLERK BY___

RECEIVED
MAR 0 5 2012
By General Counsel

## PARTIES, JURISDICTION AND VENUE

2. Kinnaman is a natural person and citizen and resident of the State of Maryland.

3. All references to "Plaintiff(s)" throughout this Complaint are made on behalf of the named Plaintiff(s) and the proposed plaintiff class, and vice versa.

4. Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA") is a citizen of Delaware with its principal place of business in Delaware.

5. Defendant regularly transacts business in Frederick County, Maryland. Moreover, Defendant has sufficient minimum contacts with the State of Maryland such that the assumption of jurisdiction will not offend traditional notation of fair play and substantial justice.

6. When reference in this Complaint is made to any act or omission of Defendant, it should be deemed to mean that the officers, directors, agents, employees, or representatives of Defendant committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendant, and did so while acting within the scope of their employment or agency.

## STATEMENT OF FACTS

7. Defendant, PRA is an alleged purchaser of defaulted debt that it claims to purchase on its own behalf and on behalf of others.

8. Defendant, PRA regularly intercepts wire or electronic communications between it and the Plaintiff and the Plaintiff Class.

9. Defendant intercepted, recorded and collected information concerning the substance or meaning of the electronic or wire communications transmitted without the authorization of the parties to those communications.

10. On June 24, 011, the Defendant recorded a conversation between the Plaintiff and an agent or employee of the Defendant. At no time did the Plaintiff ever give his prior consent to the recording of the conversation.

11. The Plaintiff first learned of the recording by the Defendant when the Defendant sought to introduce the recording as evidence in an action that the Defendant had filed against the Plaintiff.

12. Plaintiff and Class Members, as defined below, were unaware of Defendant's wrongful conduct, and unable to discover it until 2011, as Defendant's conduct by nature was secret and concealed.

## CLASS ACTION ALLEGATIONS

13. The action is brought as a class action by Plaintiff on behalf of himself and on behalf of all of those similarly situated pursuant to Rule 2-231 (a) and (b) (2) and/or (3) of the Maryland Rules. The proposed class is defined as follows:

> All Maryland residents who have had a wire or electronic communication intercepted by PRA through the use of any electronic, mechanical or other device without the resident's advance consent (the "Class" or "Class Members") in the twelve year period preceding the filing of this complaint.
> Specifically excluded from the class are: any Judge conducting proceedings in this action and their parents, spouses and children as well as any other member of their family residing in the judge's household; counsel of record in this action; the legal representatives, heirs, successors and assigns of any excluded person.

14. The exact number of the members of the class is not presently known, but is so numerous that joinder of individual members in this action is impracticable. The exact number of the members of the class can only be ascertained through discovery, because such information is in the exclusive control of Defendant. However, based on the nature of the activities alleged herein, Plaintiff believes that the members of the class number in excess of the minimum number necessary for a finding of numerosity. The addresses of the members of the class are readily obtainable from the Defendant and its agents and on information and belief are maintained in the computer database of Defendant and are easily retrievable.

15. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and capable in class action litigation. Plaintiff understands and appreciates his duties to the class under Md. Rule 1-231 and is committed to vigorously protecting the rights of absent members of the class.

16. Plaintiff is asserting claims that are typical of the claims of each member of the class that he seeks to represent, in that the claims of all members of the class, including Plaintiff, depend upon a showing that the Defendant has engaged in the interception of wire or electronic communications without the consent of the Plaintiff or class members. The focus of the claims is solely on the actions of the Defendant.

17. The adjudication of these claims on a class basis provides a superior method of resolving the claims and whether the Defendant's practice of interception violates Maryland law is the predominate issue. Since the focus is on the Defendant's actions, differences in the Plaintiff or class members' situation will not detract from the legality of the Defendant's actions making it the predominate issue.

## COUNT I

### VIOLATION OF MARYLAND'S INTERCEPTION LAW

18. Plaintiff incorporates by reference the foregoing allegations.

19. Maryland law provides at § 10-402 of the Courts & Judicial Proceedings Article:

> (a) Except as otherwise specifically provided in this subtitle it is unlawful for any person to:
>
> (1) Willfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

20. The Defendant intended to and did intercept or endeavor to intercept wire or electronic communications of the Plaintiff and Class members.

21. The Defendant acted willfully when it intercepted or endeavored to intercept the wire or electronic communications of the Plaintiff and class members. The Defendant intended to take the actions which allowed it to intercept, endeavor to intercept or procure others to do these acts.

22. Plaintiff nor the class members provided the Defendant with prior consent.

23. Maryland law provides for the following remedies under § 1-410 of the Courts & Judicial Proceedings Article:

> (a) Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of this subtitle shall have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use the communications, and be entitled to recover from any person:
>
> (1) Actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;
>
> (2) Punitive damages; and

(3) A reasonable attorney's fee and other litigation costs reasonably incurred.

24. Plaintiff and the class members are each entitled to the remedies provided by Maryland law for the Defendant's illegal actions.

25. The Defendant acted willfully and with the intent to injure the Plaintiff and other class members when it intercepted, endeavored to intercept or disclosed their wire or electronic communications.

26. The Defendant's conduct justifies an award of punitive damages.

## COUNT II

## DECLARATORY AND INJUNCTIVE RELIEF

27. The Plaintiff incorporates by reference the foregoing allegations.

28. The Plaintiff and the Class is entitled to an injunction prohibiting the Defendant from continuing to violate Maryland law by intercepting or endeavoring to intercept wire or electronic communications of Maryland residents.

29. The Plaintiff and the Class is entitled to an injunction prohibiting the Defendant from continuing to violate Maryland law by making use of intercepted wire or electronic communications of Maryland residents.

30. The Plaintiff and the Class is entitled to declaratory relief that the Defendant's actions are in violation of Maryland law by intercepting or endeavoring to intercept wire or electronic communications of Maryland residents.

Wherefore, the Plaintiff prays for the following relief on their complaint against the Defendant:

   a. The court certify a class as defined herein and appoint Plaintiff as the Class Representative; appoint his counsel as Class Counsel;

b. An award of liquidated damages as allowed by Maryland law and for purposes of pleading requirements the amount of up to $2,000,000.00;

c. An award of punitive damages in an amount to be determined at trial and for purposes of pleading requirements an amount up to $2,000,000;

d. Appropriate injunctive relief;

e. A declaratory Judgment that the Defendant's acts intercepting or endeavoring to intercept wire or electronic communications of Maryland residents violate Maryland law.

f. An award of costs, including attorney's fees.

g. Such other and further relief that the nature of their cause may require

Respectfully Submitted,

_____
By: Scott C. Borison
and
Janet Legg
Phillip R. Robinson, Of Counsel
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, MD 21703
Telephone (301) 620-1016
Facsimile (301) 620-1018
Email: borison@legglaw.com

DEMAND FOR TRIAL BY JURY
The plaintiff demands a trial by jury of the claims.

_____
Scott C. Borison